UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRUD ROSSMANN, as individual, and as sole Managing Member, Sawtooth Capital, LLC., <br><br>             Plaintiff, <br><br> v. <br><br> ELLEN S. HUVELLE, U.S. District Judge for the District of Columbia, et al. <br><br>             Defendants. | Case No. 1:12-cv-00092-EJL-REB <br><br> **ORDER, REPORT, AND RECOMMENDATION RE: IN FORMA PAUPERIS APPLICATION (Dkt. 7) & INITIAL REVIEW** |

Pending before the Court is Plaintiff's In Forma Pauperis Application (Dkt. 7). Consistent with the Order of Referral (Dkt. 4), the undersigned United States Magistrate Judge, having carefully reviewed the record and otherwise being fully advised, enters the following Order, Report, and Recommendation.

## I.  BACKGROUND

Plaintiff Brud Rossmann, appearing on behalf of himself pro se and purportedly on behalf of Sawtooth Capital LLC, brings this action against Ellen S. Huvelle, U.S. District Judge for the District of Columbia, in addition to persons Rossmann refers to collectively as *John Doe-1* and *John Doe-2*.  Rossmann seeks in forma pauperis status to pursue this matter.  (Dkt. 7).

Rossmann alleges in his Complaint that he is an attorney who graduated from Harvard Law School in 1989 and he is currently registered as a member of the Bar in the State of New

**ORDER, REPORT, AND RECOMMENDATION- 1**

York.  Compl. ¶¶ 2-3 (Dkt. 1); *see also* New York State Unified Court System, Attorney Search, Brud Rossmann, *available at* http://iapps.courts.state.ny.us/attorney/AttorneyDetails?attorneyID=5464853 (site last visited June 16, 2012).  The precise nature of Rossmann's allegations is somewhat difficult to discern given that the already often incomprehensible eighty-nine page Complaint is accompanied by a sizable number of exhibits that are assembled in no particular order and go largely unexplained or referenced in the body of the Complaint.[1]  Further, a number of these exhibits have been annotated, most oftentimes illegibly.

That said, having reviewed all of Rossmann's submissions, the best that the Court can discern is that Rossmann is attempting to allege civil rights violations.  *Id.* at ¶ 2.  The crux of Rossman's Complaint revolves around the dismissal of a lawsuit he filed in the District of Columbia in 2010, *Rossmann v. Chase Home Finance, et al.*, Case No. 1:10-cv-00977-ESH (DC).  This lawsuit, referred to herein as the "*Chase* litigation," was dismissed by the Honorable Ellen S. Huvelle on personal jurisdiction and venue grounds, as described in her Memorandum Opinion issued March 25, 2011.  *See Chase*, Dkt. 18.  This dismissal figures prominently in Rossmann's allegations and forms the basis for his claim here that Judge Huvelle committed thirty-three violations of the "Guide to Judiciary Policy, Vol 2: Ethics and Judicial Conduct Pt. A: Codes of Conduct, Ch. 2: Code of Conduct for United States Judges."  *Compl.* at ¶ 5.

Rossmann also claims that Judge Huvelle defamed him, an allegation based largely on the opening remarks of the Memorandum Opinion in the *Chase* litigation, where Judge Huvelle

---

[1] For instance, one exhibit is a single black page with the statements: "BLACK IS WHITE, WHITE IS BLACK" and "I'm [LL] AM A CORPORATE DRONE."  (Dkt. 1-5). Another exhibit contains stamped dates and names interspersed with scribbling and notes facing different directions on the page with some information partially obscured.  (Dkt. 1-4).

**ORDER, REPORT, AND RECOMMENDATION- 2**

noted that: "Despite the fact that plaintiff is a 1989 graduate of Harvard Law School, his Amended Complaint is complex [and] garbled . . ." *Chase*, Dkt. 18, pp. 1-2.  Because Rossmann less than affectionately, but consistently, refers to this Memorandum Opinion as "the hatchet job," the Court can reasonably infer that he takes issue with this particular characterization of his pleadings. *See Compl.* at p.61.  Indeed, Rossmann alleges that Judge Huvelle has somehow twisted her own "Judicial Failings" into a "Global Stigma of Brud Rossmann." *Id.* at ¶ 5(a).  He also complains that the Memorandum Opinion has made it impossible for him to get legal work. *Id.* at ¶ 10.

Rossmann also challenges Judge Huvelle's dismissal of the *Chase* litigation because of its asserted importance.  He repeatedly stresses that there were "National Security" interests at stake in the case, and insists that the loss yield to this country, as a result of Judge "Huvelle's complete inability to understand the filings in front of her," is estimated in the billions of dollars. *Id.* at ¶61.  Rossmann further alleges that Judge Huvelle's decision to dismiss the case was improper because she "refused to file or ever consider certain filings inarguably before her." *Id.* at ¶ 8.

Apparently in response to the dismissal of the *Chase* litigation and the language used in the Memorandum Opinion in that matter, Rossmann seeks a declaratory judgment that Judge Huvelle violated the "Good Behavior" clause of the United States Constitution and that she violated one or more provisions of the Code of Judicial Conduct. *Id.* at p. 87.  Further, Rossmann requests monetary relief in the amount of one billion dollars. *Id.* at p. 88.

**ORDER, REPORT, AND RECOMMENDATION- 3**

## II.  IN FORMA PAUPERIS REQUEST

Plaintiff seeks to bring this suit *in forma pauperis*, meaning without payment of the applicable fees.  *See* Application (Dkt. 7).  For the reasons set forth below, the Court will grant the request to the extent Mr. Rossmann represents his individual interests, but will deny the request as to the interests of Sawtooth Capital, LLC.

### A.  Standards of Law

Pursuant to federal statute, "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees or security therefor."  28 U.S.C. § 1915(a)(1).  In order to qualify for in forma pauperis status, Plaintiff must submit an affidavit that includes a statement of all assets he possesses and that he is unable to pay the required fee.  *Id.*

The affidavit is sufficient if it states that the plaintiff, because of his poverty, cannot "pay or give security for the costs" and still be able to provide himself and dependants "with necessities of life."  *Adkins v. E.I. DuPont de Numours & Co.*, 335 U.S. 331, 339 (1948).  The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty."  *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation omitted).

However, only plaintiffs who are natural persons may qualify for in forma pauperis status under § 1915.  *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S.

**ORDER, REPORT, AND RECOMMENDATION- 4**

194, 201-11 (1993).[1] In *Rowland*, the Supreme Court limited the definition of the word "person" as used in § 1915 to individuals, reasoning that whatever "the state of its treasury, an association or corporation cannot be said to 'lac[k] the comforts of life,' any more than one can sensibly ask whether it can provide itself, let alone its dependents, with life's 'necessities.'" Artificial entities may be insolvent, but they are not well spoken of as 'poor.'" *Id.* at 203.

   **B. Rossmann, In His Individual Capacity, Qualifies for IFP Status**

  Rossmann averages his monthly income at $0.00, over the twelve months prior to filing his Complaint, with monthly expenditures for rent, utilities, food, clothing, laundry, medical expenses, transportation, and business operations totaling $1360.00. App., pp. 2-4 (Dkt. 7).[2] Although Rossmann is an attorney, he references various medical conditions which he says limit his ability to work and therefore predicts that he will have "net zero income" for the foreseeable future. *See* Motion for Leave to Proceed In Forma Pauperis, p. 9. As required by 28 U.S.C. § 1915(a)(1), Plaintiff has attested that he is unable to pay costs or to give security in order to pursue this action. *Id* at p. 5. Therefore, Mr. Rossmann is granted leave to proceed on his own behalf without prepayment of fees.

---

[1] The Ninth Circuit examined *Rowland* in *Adams v. United States*, 420 F.3d 1049, 1052-53 (9th Cir. 2005).

[2] In contradiction to his assertion that he has no income, Rossmann also reports that he has generated approximately $3000 in legal services income in 2012, which would make his monthly average income roughly $1000 at the time of filing (considering that three months of the 2012 year had passed at that time). *See* Dkt. 7, p. 17. This discrepancy does not alter the Court's decision because, in either instance, Mr. Rossmann's monthly income would not exceed, nor even cover, his monthly expenses.

**ORDER, REPORT, AND RECOMMENDATION- 5**

### C. Sawtooth Capital LLC Does Not Qualify for IFP Status

By his own assertion, Rossmann seeks to represent the "contingent, unperfected, intangible or reversionary interests" in and of Sawtooth Capital, LLC. *Id* at ¶ 2. However, because Sawtooth Capital LLC[3] is not a natural person, it cannot qualify for in forma pauperis status under § 1915. Accordingly, it is recommended that the District Judge deny Sawtooth Capital's request for IFP status.

### III. INITIAL REVIEW & REPORT

#### A. Standards of Law

Upon granting in forma pauperis status, the Court must review the Complaint, including each of the claims alleged therein, 28 U.S.C. § 1915(e)(2), and dismiss the Complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B)(I-iii).

Generally, in conducting this review, pro se pleadings must be liberally construed and pro se plaintiffs must be given the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Additionally, if the Complaint can be saved by amendment, Plaintiff should be

---

[3] Mr. Rossmann lists Sawtooth Capital LLC's address as "1400 Promontory Dr., Boise, ID 83702. However, the entity is not registered with the Idaho Secretary of State, nor is the address a valid postal address within the City of Boise. There are other businesses with "Sawtooth Capital" in their name, but none with the exact name of the Plaintiff here, and none located at the address provided by Mr. Rossmann. *See* Idaho Secretary of State, Business Entity Search, *available at* http://www.accessidaho.org/public/sos/corp/search.html?p=5&crit.name =sawtooth&crit.city=&crit.fileNumber=&crit.raName=&crit.raCity=&crit.startDay=&crit.start Month=&crit.startYear=&crit.endDay=&crit.endMonth=&crit.endYear=&search=true (site last visited July 16, 2012).

**ORDER, REPORT, AND RECOMMENDATION- 6**

notified of the Complaint's deficiencies and provided an opportunity to amend.  *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

However, "[i]n determining whether a complaint is frivolous, a court is *not* bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations."  *Denton v. Hernandez,* 504 U.S. 25, 32 (1992) (emphasis in original).  The Court may find a complaint factually frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."  *Id.*; *see also O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990) (holding a complaint submitted in forma pauperis "is frivolous if it has no arguable basis in fact or law").

  **B.**  **Personal Jurisdiction**

This case arises out of the alleged conduct of a U.S District Judge for the District of Columbia.  The Court's power to exercise personal jurisdiction over non-resident defendants is limited by both the applicable state personal jurisdiction statute (long-arm statute) and the Due Process Clause.  *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1110 (9th Cir. 2002); *Sher v. Johnson*, 911 F.2d 1357, 1360 (9th Cir. 1990).  Accordingly, there must be a statute that gives the court authority to exercise jurisdiction and the exercise of jurisdiction must meet Constitutional standards.  *Nat'l Union Fire Ins. Co. of Pittsburgh v. Aerohawk Aviation, Inc.*, 259 F.Supp.2d 1096, 1101 (D.Idaho 2003) (citing *Data Disc Inc. v. Systems Tech. Assocs., Inc.*, 557 F.2d 1280, 1286 (9th Cir. 1997)).

Idaho's long-arm statute, Idaho Code § 5–514(b), grants Idaho courts jurisdiction over non-residents regarding any cause of action arising from (a) the transaction of any business

**ORDER, REPORT, AND RECOMMENDATION- 7**

within this state; (b) the commission of a tortious act within Idaho; (c) ownership of property located within Idaho; (d) a contract of insurance to insure a person, property, or risk located within Idaho at the time of contracting; (e) maintenance of a domicile within Idaho relating to divorce; or (f) in certain paternity actions.

Rossmann's Complaint contains no allegation that would satisfy any factor outlined in Idaho Code § 5–514(b).  Moreover, Judge Huvelle is a judge in District of Columbia and there is no allegation in the Complaint that she is a resident of Idaho, owns property in Idaho, or transacts any business or other activities in Idaho.  Rossman's Complaint is based upon a federal court case in the District of Columbia, as to which he disagrees with the result and has concerns about the language used in the Court's decision.  Given these circumstances, under any of the factors that may exist to confer jurisdiction, in no way is Idaho's long-arm statute satisfied and there is no personal jurisdiction over Judge Huvelle in this federal district court.

Moreover, due process is not satisfied.  Due process requires that, in order for nonresident defendants to be subject to jurisdiction in a foreign court, they must have certain "minimum contacts" with the forum state such that the traditional notions "'of fair play and substantial justice'" are not offended.  *See Sher*, 911 F.2d at 1361 (quoting *Internat'l Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945)).  For the same reasons the Idaho long-arm statute is not met, the due process requirements are not satisfied here.  There also are no allegations of activities on the part of Judge Huvelle in or directed at Idaho that are "continuous and systematic" or "substantial."  *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 445 (1952); *see also Lake v. Lake*, 817 F.2d 1416, 1420 (9th Cir.1987).  Nor are there allegations to support a claim of specific jurisdiction. For specific jurisdiction to be invoked, (1) the non-resident

**ORDER, REPORT, AND RECOMMENDATION- 8**

defendant must purposefully direct her activities or consummate some transaction with the forum or resident thereof; or perform some act by which she purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.*, it must be reasonable. *Lake*, 817 F.2d at 1421.

Again, this action relates to acts that occurred within Washington D.C. There is no allegation, nor can the Court conceive of any allegation that might be raised, that Judge Huvelle directed any conduct toward Idaho in any way as to purposefully avail herself of the privilege of conducting activities here. Moreover, Judge Huvelle could not have anticipated being haled into an Idaho court based upon conduct that allegedly took place exclusively in Washington D.C.

Finally, Rossmann has failed to allege any facts that would establish personal jurisdiction over the defendants to whom he refers generically as *John Doe-1* and *John Doe*. Rossmann has failed in his Complaint to adequately state any sort of claim against these individuals, and there is nothing to indicate that any of these persons have any connection to District of Idaho sufficient to establish personal jurisdiction.[4]

### C. Judicial Immunity Bars Plaintiffs' Claims

Under the doctrine of absolute judicial immunity, a judge is not liable for monetary damages for acts performed in the exercise of his or her judicial functions. *Stump v. Sparkman*, 435 U.S. 349 (1978). To determine whether an act is judicial in nature so that immunity would

---

[4] The vast majority of persons and entities listed under the heading "John Doe-1" and "John Doe-2" appear to be persons supposedly named and/or implicated in the *Chase* Litigation. While most of these individuals are merely listed by name, some addresses are included. However, none of these locations is within Idaho.

**ORDER, REPORT, AND RECOMMENDATION- 9**

apply, a court looks to "the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Stump v. Sparkman*, 435 U.S. 349 (1978).  Here, the actions of which Rossmann complains were quintessential judicial acts, taken by Judge Huvelle in a court case, performing her traditional judicial function in her judicial capacity.

If a judge is acting in her judicial capacity, absolute immunity applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (internal citations omitted).  *See also Stump v. Sparkman*, 435 U.S. 349, 356–57 (citation and internal quotation marks omitted) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction."); 42 U.S.C. § 1983 (barring injunctive relief against a judicial officer "unless a declaratory decree was violated or declaratory relief was unavailable"); *Simmons v. Sacramento Cnty. Sup.Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003) (affirming dismissal of § 1983 claim against a judge because "the judge is absolutely immune for judicial acts").  That rule holds here.  For this additional reason, it is recommended that the District Court dismiss Plaintiffs' claims against Judge Huvelle.

### IV.  CONCLUSION

For the foregoing reasons, the Court does not have personal jurisdiction over the Defendants in this case and, with regard to Judge Huvelle, judicial immunity bars Plaintiffs' claims.  As a practical matter, Plaintiff Rossmann appears to have availed himself of the proper

**ORDER, REPORT, AND RECOMMENDATION- 10**

procedure for challenging Judge Huvelle's decision, when he appealed to the circuit court on April 29, 2011.

Normally a plaintiff is notified of the Complaint's deficiencies and provided an opportunity to amend, *see Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995), but this opportunity is afforded only if it appears the Complaint can be saved by amendment. This case cannot be saved by amendment, as there is nothing that Rossman can change or enlarge upon that will give the District of Idaho the ability to haul Judge Huvelle, or any of the defendants, into Court. Accordingly, it is recommended that the district judge dismiss this case for the reasons stated in this report.

## V.  ORDER

Plaintiff's Petition to Proceed in Forma Pauperis (Dkt. 7) is hereby granted, in part, in that Plaintiff Brud Rossmann may proceed in this case without prepayment of fees.

**ORDER, REPORT, AND RECOMMENDATION- 11**

## VI. RECOMMENDATION

The undersigned recommends that the district judge:

1. deny Plaintiff's Petition to Proceed in Forma Pauperis (Dkt. 7), in part, as to Sawtooth Capital's request to proceed in forma pauperis; and

2. dismiss this case in its entirety, as to all parties, without leave to amend, under 28 U.S.C. § 1915 for lack of personal jurisdiction and because Judge Huvelle is entitled to judicial immunity from suit.



DATED: **October 16, 2012**

_____
Honorable Ronald E. Bush
U. S. Magistrate Judge

**ORDER, REPORT, AND RECOMMENDATION- 12**